**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BERNICE SPRINGER and JOHN SPRINGER,**

        **Plaintiffs,**

-vs-                                              Case No. 6:09-cv-628-Orl-31DAB

**WACHOVIA BANK, N.A.**

        **Defendant.**

_____

## ORDER

This matter comes before the Court on the Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 29) filed by the Defendant, Wachovia Bank, N.A. ("Wachovia") and the response (Doc. 31) filed by the Plaintiffs, Bernice and John Springer (the "Springers").

According to the allegations in their original complaint (Doc. 2) the Springers were the victims of a woman known as Anita Hunter ("Hunter"), who convinced Wachovia employees to allow her to withdraw funds from the Springers' checking account. (Doc. 2 at 2-3). The Springers sued Wachovia for negligence and statutory conversion pursuant to Florida Statute § 673.4201. (Doc. 2 at 4-5). Wachovia moved to dismiss, arguing that (1) absent some special agreement, a bank does not owe a duty to monitor or safeguard customers' accounts and (2) that Section 673.4201 governs conversion of financial instruments, and no such instruments were at issue in this case. The Plaintiffs failed to respond to the motion, and on May 18, 2009, the Court granted it as unopposed, dismissing the complaint.

On June 1, 2009, the Springers filed an Amended Complaint (Doc. 25). In it, they raised the same two causes of action – negligence and statutory conversion pursuant to Section 673.4201. Wachovia now seeks dismissal on the same bases it raised in its earlier motion, arguing that it could not have been negligent because it had no duty to the Plaintiffs to monitor their account and that it cannot be liable for conversion under Fla. Stat. § 673.4201 because that section only applies to the conversion of financial instruments, not unauthorized access to an account.

In their response, the Springers fail to respond to Wachovia's argument regarding Section 673.4201, and therefore the conversion count will be dismissed as unopposed. As for the negligence count, the Springers have added additional factual allegations in an attempt to establish that Wachovia owed them a fiduciary duty. The Springers point out that they were customers at Wachovia for many years and that they had developed certain "expectations," such as that they would receive monthly statements and that unauthorized persons would not be allowed to access their account. (Doc. 25 at 4).[1] However, such expectations would not be enough to transform the normal arm's length relationship between a depositor and a bank – *see, e.g.*, *Watkins v. NCNB Nat'l Bank of Fla., Inc.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993) – into a fiduciary relationship. Nor would the other item the Springers cite – advertisements by Wachovia that the bank was "zealous about protecting their client's interest from identity theft." To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of

---

[1] They also contend that their interactions with Wachovia constituted more than a mere "arm's length" relationship. (Doc. 25 at 4-5). However, the interactions the Springers describe in support of this contention – notifying them of unauthorized activity in their account, notifying them when the mailing address for their statements had been changed, and purchasing certificates of deposit (Doc. 25 at 4) – are commonplace, arm's length transactions.

undertaking on the other side to advise, counsel and protect the weaker party. *Bankest Imports, Inc. v. Isca Corp.*, 717 F.Supp. 1537, 1541 (S.D.Fla. 1989). The expectations alleged by the Springers fall short of the required allegations of "dependency" by them on Wachovia, and there are no factual allegations here that Wachovia undertook to advise, counsel and protect them. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss Plaintiffs' Amended Complaint (Doc. 29) is **GRANTED**. The negligence count is **DISMISSED WITHOUT PREJUDICE** and the conversion count is **DISMISSED WITH PREJUDICE**. Should they choose to do so, the Plaintiffs may file another amended complaint – one that remedies the shortcomings discussed above with regard to the negligence count, only – on or before July 27, 2009.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on July 15, 2009.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party