**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**BERNICE SPRINGER and JOHN SPRINGER,**

        **Plaintiffs,**

-vs-                                            Case No. 6:09-cv-628-Orl-31DAB

**WACHOVIA BANK, N.A.**

        **Defendant.**

_____

# ORDER

This matter comes before the Court on the Motion to Dismiss Third Amended Complaint (Doc. 61) and the Motion to Strike Jury Trial Demand (Doc. 62) filed by the Defendant, Wachovia Bank, N.A. ("Wachovia"), as well as the responses to those motions (Doc. 63, 64) filed by the Plaintiffs, Bernice and John Springer (the "Springers").

**I.    Background**

According to the allegations in their various complaints, which are accepted as true for purposes of resolving the instant motion, the Springers were victimized by a woman who called herself Anita Hunter ("Hunter"). Beginning in mid-2006, Hunter improperly gained access to the Springers' accounts at Wachovia and began making unauthorized purchases and transfers. In December 2006, the Springers filed a police report with the Volusia County Sheriff's office regarding the matter. In March 2009, the Springers brought suit against Wachovia in state court, and Wachovia removed the matter to this Court in April 2009. (Doc. 1).

The initial complaint (Doc. 2), which asserted claims against Wachovia for negligence and conversion, was dismissed in May 2009 because the Springers failed to oppose the bank's Rule 12 motion. (Doc. 20). The Springers' Amended Complaint (Doc. 25), which again asserted negligence and conversion claims, was dismissed in July 2009, because the Springers (1) failed to respond to Wachovia's arguments regarding the conversion claim, and (2) failed to plead facts giving rise to a fiduciary duty on the bank's part toward them. (Doc. 32 at 2-3). In August 2009 the Springers filed their Second Amended Complaint (Doc. 38), this time attempting to assert claims for negligence and breach of contract. The Court again granted Wachovia's motion to dismiss – this time, with prejudice – finding that the Springers had failed to allege any circumstances under which the bank could be liable to them for negligence, and finding that the Springers had failed to allege a breach of the contract between the parties. (Doc. 38 at 1).

The Springers sought reconsideration of the dismissal with prejudice. (Doc. 46). After a hearing, the Court granted reconsideration and partially vacated the dismissal with prejudice, giving the Springers one final chance to assert a viable claim against Wachovia for its part in Hunter's identity theft. The Springers have now filed a Third Amended Complaint (Doc. 54), in which they attempt to assert a claim for violation of the Electronic Funds Transfer Act ("EFTA"), 15 U.S.C. § 1693 *et seq.* (Count I), and a claim for a violation of Chapter 670, Florida Statutes – the funds-transfer provisions of Florida's version of the Uniform Commercial Code (Count II).

The Springers do not identify the particular provisions of the EFTA that were allegedly violated by Wachovia. Instead, they simply identify a number of unauthorized transactions, assert that they informed the bank of the suspicious activities, and allege that they suffered more than $80,000 in damages. Even after the problem was pointed out by the bank in its motion to dismiss,

the Springers failed to identify the provision or provisions of the EFTA that were allegedly violated in the instant case.[1]

Further, the statute of limitations for a violation of the EFTA is one year from the occurrence of the violation. 15 U.S.C. § 1693m(g). From the face of the Third Amended Complaint, the Plaintiffs were aware of the unauthorized transactions no later than November 2007, when they submitted a demand letter to the bank regarding the transactions (after previously providing similar notice to the bank on several occasions, and filing a police report regarding the matter). However, the Springers did not file the instant suit until January 2009, more than a year after that date.

The Springers also failed to assert a claim in Count II for violations of Chapter 670, Florida Statutes. As they did in Count I, the Springers simply identify a number of unauthorized transfers from their account, allege that they notified the bank of the transactions within 30 days of reviewing their statements, and assert that they have suffered more than $80,000 in damages. Again, despite being put on notice of the problem by Wachovia's motion, the Springers fail to

---

[1]The Springers' argument in response to the instant motion consists, in its entirety, of the following paragraph:

> Plaintiff relied on the very same contract used by Defendant, WACHOVIA BANK, N.A.'s, Motion to Strike Jury Trial Demand (D.E. #62) to show that Plaintiffs relied on the language implied in the contract that Defendant would safe guard Plaintiffs' account. Defendant's request to strike Counts I and II of the Third Amended Complaint is nothing more than an attempt to overlook their responsibility toward their clients by requiring specific language showing they had a specific obligation to safe guard their client's accounts.

(Doc. 64 at 3).

point to a particular provision of Chapter 670 that was allegedly violated, much less explain how the bank's actions constituted such a violation.

Despite being given four chances (and two "last chances") to plead a viable claim against Wachovia, the Springers have failed to do so. Given their response to the instant motion, they cannot even muster an argument that they have done so. In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Dismiss Third Amended Complaint (Doc. 61) is **GRANTED**, and the Third Amended Complaint is **DISMISSED WITH PREJUDICE**. The Motion to Strike Jury Trial Demand (Doc. 62) is **DENIED AS MOOT**. The Clerk is directed to enter judgment in favor of the Defendant and close the case.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on February 1, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party